**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HENRY PEREZ,  ) | Case No. 2:14-cv-00676-JCM-CWH |
| Plaintiff,  ) | |
| ) | **ORDER AND REPORT** |
| vs.  ) | **AND RECOMMENDATION** |
| ) | |
| ROSS AND NEIL, *et al.*,  ) | |
| ) | |
| Defendants.  ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1), filed on April 30, 2014.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915(a) to proceed *in forma pauperis* and submitted a complaint along with his Application.

**I.    *In Forma Pauperis* Application**

In Plaintiff's Application, he asserts that he is unemployed, receives social security income of $850 per month, does not have any assets, and cannot pay the filing fee.  Application #1, 1-2.  Plaintiff is currently incarcerated, and states that his inmate account has a current account balance of $0, an average monthly balance of $0, and an average monthly deposit of $36.47.  *Id.* at 4.  Based on the financial information provided, the Court finds that Plaintiff is unable to pay an initial partial filing fee. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a). However, even if this action is dismissed, the full filing fee of $400.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995.  Plaintiff shall be required to make payments of 20% of the preceding month's deposits to the prisoner's account, in months that the account exceeds $10.00, until the full filing fee has been paid for this action.  The Court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a

1   complaint.  Federal courts are given the authority dismiss a case if the action is legally "frivolous or

2   malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a

3   defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "To survive a motion to dismiss, a

4   complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

5   plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation

6   omitted).  When a court dismisses a complaint, the plaintiff should be given leave to amend the

7   complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

8   that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106

9   (9th Cir.1995).

10        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

11   failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

12   ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.

13   1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all

14   material allegations in the complaint are accepted as true and are to be construed in the light most

15   favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a

16   pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines*

17   *v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

18        **A.**   **Diversity Jurisdiction**

19        Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions

20   in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the

21   matter is between "citizens of different states."  Plaintiff asserts damages of $1 million in his complaint.

22   However, Plaintiff and Defendants appear to be Nevada citizens so there is no diversity jurisdiction in

23   this case.

24        **B.**   **Federal Question Jurisdiction**

25        As a general matter, federal courts are courts of limited jurisdiction and possess only that power

26   authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28

27   U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the

28   Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where

2

1   federal law creates the cause of action or 'where the vindication of a right under state law necessarily

2   turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086,

3   1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S.

4   1, 8-9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-

5   pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-

6   pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face

7   of the plaintiff's properly pleaded complaint." *Id.*  Here, Plaintiff alleges civil rights violations under

8   42 U.S.C. § 1983 based on excessive force, deliberate indifference to his medical needs, medical

9   negligence, and involuntary confession.  However, because the Court finds that Plaintiff failed to

10  properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not

11  exist at this time.

12      Plaintiff will be given leave to amend his complaint to correct the noted deficiencies.  However,

13  he should be aware that the Court cannot refer to a prior pleading in order to make an amended

14  complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without

15  reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes

16  the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an

17  amended complaint, the original pleading no longer serves any function in this case.  Therefore, in an

18  amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

19      **C.   42 U.S.C. § 1983 Claim**

20      Upon review of the Complaint, it appears as though Plaintiff is alleging that he was admitted for

21  treatment on June 12, 2013 to the Rawson-Neal Psychiatric Hospital[1] for treatment pursuant to a

22  "Legal 2000."[2]  He claims that, without his consent, Dr. Wirjo and Dr. Brisky injected him with

23  medication to which he is allergic.  Plaintiff further alleges that staff members Hung and Andrew

24

25

26  [1] Plaintiff states "Ross and Neil" is the name of the hospital he was admitted to in the Complaint.
    The Court assumes that he is referring to the Rawson-Neal Psychiatric Hospital.

27  [2] A Legal 2000 allows appropriate authorities to hold someone for a limited time if they believe

28  he is a danger to himself or others.

3

unlawfully restrained him and battered him.  Additionally, Plaintiff alleges that staff members McBrown and Martinez allowed Las Vegas Metropolitan Police Detective Mogg to interview him during which Plaintiff involuntarily confessed to a murder without receiving his *Miranda* warnings.  He also names Susan Queensbury as a defendant because she is allegedly the director of the Rawlson-Neal Psychiatric Hospital and seeks $1 million in damages.  Based on these allegations, Plaintiff claims excessive force, deliberate indifference to his medical needs, medical negligence, and an involuntary confession obtained in violation of his *Miranda* rights.  However, he failed to identify any Constitutional amendments or state statutes as providing him with authority for his claims.

To state a claim under Section 1983, a plaintiff must allege that a right secured by the Constitution has been violated and the deprivation was committed by a person acting under color of state law.  *See, e.g., Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir.1986); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  However, Section 1983 does allow suits against state officers in their individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).  Liability can attach to an officer in his individual capacity if the plaintiff is able to establish: (1) that the official caused the deprivation of the plaintiff's rights while acting personally under color of state law, and (2) that the official is not entitled to the protection of qualified immunity.  *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)

### 1.    Eighth Amendment

Plaintiff appears to attempt to state two claims: excessive force and deliberate indifference to his medical needs.  The Eighth Amendment prohibits the use of "excessive physical force against [a] prisoner [that] may constitute cruel and unusual punishment even though [the] inmate does not suffer serious injury."  *Hudson v. McMillian*, 503 U.S. 1 (1992).  Plaintiff claims that staff members Hugh, Andrew, McBrown, and Martinez used unlawful force by restraining him on Dr. Wirjo and Dr. Brisky's orders.  However, Plaintiff fails to state a claim for relief for excessive force pursuant to the Eighth Amendment because at the time of the incident Plaintiff was not incarcerated.

4

1    Additionally, a prisoner's claim of inadequate medical care does not constitute cruel and

2    unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious

3    medical needs." *Id.* at 106.  The "deliberate indifference" standard involves an objective and a

4    subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."

5    *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

6    Second, the prison official must act with a "sufficiently culpable state of mind," which entails more

7    than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  *Farmer*,

8    511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official

9    "knows of and disregards an excessive risk to inmate health or safety." *Id.*

10    In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

11    civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

12    'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton*

13    *v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.  "[A]

14    complaint that a physician has been negligent in diagnosing or treating a medical condition does not

15    state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does

16    not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429

17    U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v.*

18    *Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*); *WMX Techs., Inc. v. Miller*,

19    104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish

20    deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th

21    Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of

22    deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

23    Plaintiff claims that Dr. Wirjo and Dr. Brisky were deliberately indifferent to his medical needs

24    and medically negligent by injecting him with medication to which he is allergic.  By its very terms, the

25    Eighth Amendment prohibits "cruel and unusual punishment" against persons convicted of a crime.

26    *See generally* Amendment VIII; *see also Graham v. Conner*, 490 U.S. 386, 393 n.6 (1989) (*citing*

27    *Ingraham v. Wright*, 430 U.S. 651, 671 n.1 (1977) ("Eighth Amendment scrutiny is appropriate only

28    after the State has complied with the constitutional guarantees traditionally associated with criminal

1  prosecutions")).  Given that Plaintiff was not a prisoner at the time of the alleged medical indifference,
2  he cannot state an Eighth Amendment claim against Dr. Wirjo and Dr. Brisky.

3      Furthermore, Plaintiff fails to state any specific allegations against Susan Queenbury besides
4  identifying her as the director of the Hospital who trained Dr. Wirjo and Dr. Brisky.  The Ninth Circuit
5  has held that where the applicable standard is deliberate indifference, "a plaintiff may state a claim
6  against a supervisor for deliberate indifference based on the supervisor's knowledge of and
7  acquiescence in unconstitutional conduct by his or her subordinates."  *Starr v. Baca*, 652 F.3d 1202,
8  1207-08 (9th Cir. 2011).  However, Plaintiff fails to state how Susan Queenbury knew and acquiesced
9  in the alleged deliberate indifference of Dr. Wirjo and Dr. Brisky.  Furthermore, the Eighth Amendment
10  does not apply because Plaintiff was not a prisoner at the time of the medical treatment.  Therefore, the
11  Court finds that Plaintiff has failed to state a claim for relief under the Eighth Amendment for deliberate
12  indifference of medical needs or excessive force.

13                      **2.      Fourth and Fourteenth Amendments**

14      Alternatively, Plaintiff may be attempting to state claims for excessive force and deliberate
15  indifference to medical needs under the Fourth or Fourteenth Amendments.  Where a claim of
16  excessive force arises in the context of an investigatory stop, arrest, or other "seizure" of a free citizen,
17  the claim is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard,
18  rather than under a substantive due process standard."  *Graham*, 490 U.S. at 388; *see also Reed v. Hoy*,
19  909 F.2d 324, 329 (9th Cir. 1989) (stating that "excessive force claims arising before or during arrest
20  are to be analyzed exclusively under the fourth amendment's reasonableness standard").  Once a
21  "seizure" or "arrest" ends, however, and "pretrial detention" begins, the Due Process Clause of the
22  Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to
23  punishment."  *Graham*, 490 U.S. at 395 n. 10; *see also Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979).

24      In *Robins v. Harum*, the Ninth Circuit considered the duration of a "seizure" for Fourth
25  Amendment purposes.  773 F.2d 1004 (9th Cir.1985).  In that case, two sheriff's deputies arrested Mr.
26  and Mrs. Robins and while en route to the county jail the deputies got into a fight with the Robinses.
27  *Id.* at 1006.  As a result of the deputies' conduct, the Robinses sued alleging use of excessive force in
28  violation of the Fourth and Fourteenth Amendments.  *Id.*  The Ninth Circuit concluded that even though

1   the deputies already had arrested the Robinses and were en route to the police station when they

2   allegedly used excessive force, the Robinses remained "arrestees" because "once a seizure has occurred,

3   it continues throughout the time the arrestee is in the custody of the arresting officers."  *Id.* at 1009-10.

4          Taking the allegations of Plaintiff as true, the excessive force and involuntary medical treatment

5   was allegedly used while Plaintiff was under a Legal 2000 hold.  However, Plaintiff failed to state

6   which defendant(s) obtained the Legal 2000.  Accordingly, the Court is unable to determine whether

7   Queensbury, Wirjo, Brisky, McBrown, Martinez, Andrews, and Hung acted under color of state law.

8   Furthermore, the Court is unable to determine whether the Fourth or Fourteenth Amendment applies to

9   his claims of excessive force and involuntary medical treatment.  The Court will allow him to amend

10  his complaint with additional facts if he believes that he can state a claim for relief under the Fourth or

11  Fourteenth Amendments.

12         To the extent Plaintiff is asserting a state law medical malpractice claim, Nevada Revised

13  Statute 41A.071 requires dismissal without prejudice when "the action is filed without an affidavit,

14  supporting the allegations contained in the action, submitted by a medical expert who practices or has

15  practiced in an area that is substantially similar to the type of practice engaged in at the time of the

16  alleged malpractice."  Nev.Rev.Stat. 41A.071; *see also Washoe Medical Center v. Second Judicial Dist.*

17  *Ct.*, 122 Nev. 1298 (2006) (concluding that when a plaintiff does not comply with section 41A.071,

18  "the complaint is void ab initio and must be dismissed, without prejudice, and no amendment to cure

19  [the] defect is allowed").  The Court finds that Plaintiff failed to state a constitutional claim for

20  deliberate indifference to his medical needs as he was not a prisoner or pre-trial detainee at the time of

21  the alleged medical treatment.  Further, Plaintiff has failed to state a state law medical malpractice

22  claim because he did not submit the required affidavit.  Therefore, the Court will allow Plaintiff to

23  amend his complaint with additional facts if he believes he can state a claim for relief for medical

24  malpractice.

25                     **3.       Fifth Amendment**

26         Finally, Plaintiff alleges that Las Vegas Metropolitan Police Detective Mogg interviewed him

27  while he was sedated, confined, and was not given his *Miranda* warnings.  Plaintiff claims that his

28  involuntary confession under these conditions results in a violation.  However, the Supreme Court held

in *Heck v. Humphrey*, 512 U.S. 477 (1994), that in order to recover damages for allegedly unconstitutional conviction or imprisonment caused by actions whose unlawfulness would render that conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalided is not cognizable under § 1983."  *Id*. at 486-87.  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.* at 487.  Here, Plaintiff claims that he is in the process of getting his criminal indictment vacated.  Accordingly, Plaintiff's Section 1983 claim for damages pursuant to an allegedly involuntary confession is not cognizable at this time and the Court will recommend that it be dismissed with prejudice as barred by *Heck*.

Based on the foregoing and good cause appearing therefore,

## **ORDER**

**IT IS ORDERED** that Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).  However, even if this action is dismissed, the full filing fee of $400.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to its conclusion without the necessity of prepaying any additional fees or costs or giving security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, twenty percent of the preceding month's deposits to Plaintiff's account (inmate #1900090), in the months that the account exceeds $10.00, until the full $400 filing fee has been paid for this action.  The

1  Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.

2  Additionally, the Clerk shall send a copy of this order to the Chief of Inmate Services for the Nevada

3  Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

4        **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

5        **IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure

6  to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30)**

7  **days** from the date that this Order is entered, **July 9, 2014**, to file an Amended Complaint, if he

8  believes he can correct the noted deficiencies and state a claim for relief under Section 1983 and the

9  Fourth Amendment or Fourteenth Amendment, and Nevada State Law.  Failure to comply with this

10  Order may result in the Court recommending that this action be dismissed.

## RECOMMENDATION

12        **IT IS HEREBY RECOMMENDED** that Plaintiff's Eighth Amendment claim against all

13  Defendants and Fifth Amendment Claim against all Defendants be dismissed with prejudice because

14  Plaintiff failed to state a claim upon which relief can be granted and amendment would be futile.

## NOTICE

16        Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

17  writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held

18  that the courts of appeal may determine that an appeal has been waived due to the failure to file

19  objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

20  held that (1) failure to file objections within the specified time and (2) failure to properly address and

21  brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

22  issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt*

23  *v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

24        Dated this 9th day of June, 2014.

25

26

27                                  **C.W. Hoffman, Jr.**
                                **United States Magistrate Judge**

28