1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HENRY PEREZ,                                    )
                                                )     Case No. 2:14-cv-00676-JCM-CWH
                        Plaintiff,              )
                                                )     <u>**REPORT**</u>
vs.                                             )     <u>**AND RECOMMENDATION**</u>
                                                )
ROSS AND NEIL, *et al.*,                        )
                                                )
                                                )
                        Defendants.             )
_____)

On June 9, 2014, the undersigned enter an order granting Plaintiff's motion/application to proceed *in forma pauperis*, dismissing several claims without prejudice for failure to state a claim upon which relief could be granted, and recommending that Plaintiff's Eighth Amendment claim and Fifth Amendment claims be dismissed with prejudice. *See* Order (#2). Plaintiff was given thirty (30) days, or until July 10, 2014, to submit an amended complaint correcting the deficiencies identified in the claims that were dismissed without prejudice. Plaintiff was expressly warned that failure to submit an amended complaint within the time period identified would result in a recommendation that the remaining claims be dismissed and the matter closed. Plaintiff has not submitted an amended complaint. Accordingly, the undersigned recommends that the remaining claims be dismissed and this matter closed.

The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. It is with that charge at the forefront that this Court construes and administers the Federal Rules. The rules provide several mechanisms whereby courts can accomplish this goal through the use of sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies the proceedings. Rule 16 is a central pretrial rule that authorizes courts to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re*

*Phynylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).  "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal."  *Id*.  Rule 16(f) specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling order or other pretrial order."  Potential sanctions under Rule 37(b)(2)(A)(ii)-(vii) include dismissal.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

Dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances.  *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).  Courts weigh the following five factors when determining whether to dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1226 (internal citations and quotations omitted).  "These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do."  *Id*. (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).  Although preferred, it is not required that the district court make explicit findings to show that it has considered these factors.  *Id*.  A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions."  *Id*.  (internal citations and quotations omitted).

**1. Expeditious Resolution of Litigation**

"Orderly and expeditious resolution of disputes is of great importance to the rule of law.  By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process."  *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1227.  Here, Plaintiff failed to comply with the Court's order to file an amended complaint correcting the deficiencies identified in the screening order (#2).  The failure to do so is inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of

this action.

### 2. Court's Need to Manage Its Docket

It has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted). As the Supreme Court has held, the sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976). Plaintiff has been given the opportunity to proceed in this matter but has failed to advance his case or comply with the Court's order. The failure to file an amended complaint has made it impossible for this case to move forward and difficult for the Court to effectively manage its docket.

### 3. Risk of Prejudice to the Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Thoeren*, 913 F.2d at 1413. The failure to file an amended complaint setting forth valid claims is prejudicial.

### 4. Public Policy

"[T]he public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation omitted). Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." *Id.* Because a plaintiff is responsible moving a case forward, his or her conduct in causing delay and thwarting progress supports dismissal.

### 5. Less Drastic Sanctions

The Court must consider the adequacy of less drastic sanctions before imposing dismissal. *Malone*, 833 F.2d at 131 (citation omitted). Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of

3

dismissal. *Id.* at 132. Less drastic sanctions would not be effective in this case as Plaintiff has failed to comply with the Court's order. The Court has provided Plaintiff with the opportunity to avoid dismissal by filing an amended complaint correcting deficiencies identified by the Court in the screening order. Plaintiff was specifically warned that the failure to file an amended complaint would result in a recommendation that the case be dismissed. Based on the failure to file an amended complaint, the Court can only surmise that Plaintiff has abandoned the claims and has no intention of moving forward.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that this case be **dismissed**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)

Dated: July 28, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4